## HOLLARS v. GILREATH DAIRY CO. et al.

Court of Appeals of Kentucky.

Dec. 19, 1952.

Fritz Krueger and W. R. Jones, Somerset, for appellant.

Woodward, Hobson & Fulton and Will H. Fulton, Louisville, Parker W. Duncan, Monticello, for appellees.

CAMMACK, Chief Justice.

This action was instituted by the administratrix of the estate of Johnny Hollars to collect damages for his alleged wrongful death. Hollars met his death as he attempted to jump from a truck which was being operated by Roland Lewis along a highway under construction by Talbott and Meyers. Hollars was a guest in the dairy truck being driven by Lewis. This appeal is from a judgment on a directed verdict given in favor of Talbott and Meyers and against Lewis. The only question in the case concerns the correctness of the judgment as to Talbott and Meyers.

Lewis was driving his truck along the highway which Talbott and Meyers were constructing. The Highway Department had accepted the highway as complete for traffic, though it had not been surfaced. The accident took place on an eight per cent grade where the road sloped away from a cliff over to an embankment of some 100 feet. No guard rails had been installed, but these rails are constructed by the Highway Department and not by the contractor. The road was built in compliance with all the plans and specifications of the Highway Department and was said by a State Highway Engineer to be no more hazardous than other roads in that mountainous vicinity.

Hollars was killed when he attempted to jump from the truck as it went over the bank. The only testimony concerning the manner in which the accident happened was given by Lewis, the truck driver. He said that, when he was about halfway up the

hill, he dropped a cigarette and reached down to pick it up and another passenger in the truck hollered, "Look out," and that he jerked the wheel over but could not straighten up the truck. Lewis said he was driving in the center of the road, and when asked if he took his eyes off the road he said, "I surely did."

We think the trial court properly gave a peremptory instruction in favor of Talbott and Meyers. There was no evidence of negligence concerning the manner in which the highway had been constructed. The facts in the case of Codell Construction Co. v. Steele, 247 Ky. 173, 56 S.W.2d 955, clearly distinguish it from the one under consideration.

Judgment affirmed.

DUNCAN, J., not sitting.